## RICHARDSON *vs.* FREEMAN & AL.

The members of a family or society of shakers are competent witnesses, without releases, in any suit, in which the deacons are parties, not directly concerning the common property.

In *assumpsit* by the indorsee of a promissory note signed by the defendants *Freeman* and *Bracket*, who were members and deacons of the family or society of shakers in *Alfred*, they offered in evidence the depositions of several persons, who were members of that family, but had released to the deacons all their right to the subject matter of this suit, and had been released by them from all liability to contribute to the loss, or to the expenses of the defence. The note was signed by the defendants, as the sureties of one *Mary Octavia Tilton*, who then boarded with the same family of shakers; and it was payable to her father *Nathaniel Tilton*, for a debt alleged by him to be due from her. She did not enter any appearance in this suit, but was defaulted. The depositions went to

prove that the note was obtained by a series of frauds; and their admission was objected to by the plaintiff; but the Chief Justice, before whom the cause was tried, admitted the depositions, and reserved the point for the consideration of the Court, a verdict being returned for the defendants.

*N. Emery* and *Longfellow*, for the plaintiff, argued against the admissibility of the depositions, notwithstanding the releases; contending that the witnesses were still interested in the common fund, out of which the debt and costs must be paid if the plaintiff should recover. The very principle of their association and community of goods and estate was such, that every shaker, as long as he was a member of the society, was a joint owner of the property, and interested to preserve it entire. And this interest was left untouched by the releases.

*Greenleaf* for the defendants.

MELLEN C. J. delivered the opinion of the Court.

The defendants are deacons of the society of shakers in the town of *Alfred*, in the county of York, and the property of the society was conveyed to them and vested in them subsequently to the act of Massachusetts of 1785, *ch.* 51; and prior to our act of 1821. The form of conveyance is by deed to the deacons; and it was decided by this court in the case of *Anderson v. Brock*, 3 *Greenl.* 243, that the above mentioned statute extended to the society of shakers; and that the deacons of all such societies were, in virtue of it, constituted a corporation for the purposes specified. Our statute of 1821, *ch.* 42, on the same subject, is almost an exact transcript of the act of Massachusetts. By law, then, the deacons hold the legal estate in trust for the society. On all these points the counsel perfectly agree. And it is also admitted, though the report of the judge does not particularly state the fact, that the present action is founded on a promissory note, which was signed by the defendants as sureties for a young woman, then residing with the society, though not a member of it, for a debt claimed to be due from her to the promissee; though it appears that the verdict was against the plaintiff.

Richardson *v.* Freeman & al.

Such being the facts, it manifestly appears that the note in question, must be considered as given, not for any consideration connected with the society, whose estate is held by them in trust; and it is certainly wholly foreign from their duty, and not within their legitimate powers, to subject the property holden by them in trust, to the payment of their own private debts, much less when those debts were in appearance contracted in the character of sureties, for an asserted debt of another. Such a misappropriation of the funds can never be sanctioned, without a violation of the principles of law, and those on which the association is founded. In this view of the case, it is very clear that the witnesses who were admitted, had no interest in the event of the cause which, on any legal ground, could exclude them, whether any releases were exchanged or not. And therefore we do not enter into an examination of the terms of either of the releases, but lay them out of the case. The case of *Wells v. Lane,* 8 *Johns.* 462, was a penal action against a member of a society called shakers. And there it was held that a member of the society was a competent witness. No releases were given in that case. For the reasons above stated, we are all of opinion that the motion cannot be sustained. There must be

*Judgment on the verdict.*